The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

ZAY SHUMLICH, an individual,

                Plaintiff,

    v.

U.S. BANK, N.A.,

                Defendant.

No. 2:24-cv-01681

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

## I.      INTRODUCTION

Plaintiff has met the requirements of FRCP 8(a)(2) by providing a "short and plain statement of the claim showing that the pleader is entitled to relief."  A party may also incorporate by reference an allegation contained in the same pleading pursuant to FRCP 10(b). This is entirely appropriate when the same brief set of facts provides two causes of action, as is the case here.

In its Motion to Dismiss (herein "Motion") Defendant improperly attempts to impose a *prima facie* standard on an employment law case at the pleadings stage, and in so doing, misrepresents the factual allegations in Plaintiff's complaint and uses them to improperly assert inferences in favor of the Defendant.   Pursuant to Washington's Paid Family Medical Leave Act (PFMLA), RCW 50A.35.010, an employee is entitled to be restored by the employer to the

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1  position of employment held by the employee when the leave commenced or an equivalent

2  position.    Similarly, under Washington's Law Against Discrimination, pregnant people are

3  entitled to pregnancy disability leave and then be returned to their position or an equivalent one.

4  WAC 162-030-020(4).  Plaintiff's complaint plainly states that she was not reinstated to her

5  former position or an equivalent position, which meets the requirements of CR 8.

6      Furthermore, Defendant misrepresents Plaintiff's state-law medical leave claim as being

7  under the now-repealed RCW 49.78 and misstates the applicable statute of limitations, which is

8  plainly set forth in the statute that Plaintiff has pled -- RCW 50A.40.040.    Plaintiff properly

9  brought her claims within the three-year statute of limitations set forth in RCW 50A.40.040.

## II.    LEGAL AUTHORITY AND DISCUSSION

### A.    Sufficiency of Pleadings under FRCP 8 and 12(b)(6)

12      Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain

13  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2);

14  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A

15  pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

16  of action will not do.'" *Id.* citing *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955,*

17  *167 L.Ed.2d 929*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

18  'further factual enhancement.'" *Id.* citing *Twombly* at 555. "While legal conclusions can provide

19  the framework of a complaint, they must be supported by factual allegations. When there are

20  well-pleaded factual allegations, a court should assume their veracity and then determine

21  whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

22      Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure

23  may be based on either the lack of a cognizable legal theory or the absence of sufficient facts

24  alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th

25  Cir. 1990). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true,"

26  and the complaint is construed in the plaintiff's favor. *UMG Recordings, Inc. v. Shelter Cap.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP 12(b)(6)  - 2

*Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013); *see also Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a 'formulaic recitation' of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. For most types of cases, the Federal Rules eliminated the requirement that a plaintiff set out in detail the facts upon which she bases her claim. *Id.* at 1965 n.3. Instead, a plaintiff must provide some factual allegation in the complaint that provides fair notice of the nature of the claim, and also the grounds on which the claim rests. *Id* at 1964. Plaintiff has done that here.

**B.      Defendant Attempts To Impose A *Prima Facie* Standard At The Pleadings Phase.**

Defendant's argument relies on its assertion that it had a legitimate, nondiscriminatory reason for terminating Plaintiff while she was on medical leave, essentially requiring Plaintiff, at the pleadings stage, not only create a *prima-facie* case of employment discrimination at the pleadings stage, but also to engage in a McDonnell-Douglas burden-shifting analysis at the pleading stage.  To the contrary, at the pleading stage, a plaintiff is not required to establish a *prima facie* case.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  In dismissing *Swierkiewicz* on a 12(b)(6) motion, the trial court ruled that the plaintiff did not plead a *prima facie* case of discrimination and therefore could not survive a motion to dismiss. *Id.* at 509. The United States Supreme Court overruled the trial court, holding: "The *prima facie* case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Id.* at 510. "This Court has never indicated that the requirements for establishing a *prima facie* case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511. "For instance, we have rejected the argument that a Title VII complaint requires greater 'particularity,' because this would 'too narrowly constric[t] the role of the pleadings.'" *Id.* (citing *McDonald v. Santa Fe Trail Transp.*

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1   *Co.*, 427 U.S. 273, 283, n. 11, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976)). "Consequently, the

2   ordinary rules for assessing the sufficiency of a complaint apply." *Id*.; *see Austin v. Univ. of Or.*,

3   925 F.3d 1133, 1136-37 (9th Cir. 2019) (citing *Swierkiewicz* at 511). (Rule 8(a), not the

4   *McDonnell Douglas* framework, provides the appropriate pleading standard for reviewing a Rule

5   12(b)(6) motion).

6       The notice pleading standard assumes the necessary facts will be uncovered through

7   discovery, which a plaintiff does not have the benefit of at the time she files suit. "Such

8   simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the

9   other pretrial procedures established by the Rules to disclose more precisely the basis of both

10  claim and defense and to define more narrowly the disputed facts and issues." *Conley v. Gibson*,

11  335 U.S. 41, 47-48, 2 L.Ed.2d 80 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at

12  544). Following the simple guide of Rule 8(f) that "all pleadings should be so construed as to do

13  substantial justice," as long as a complaint adequately sets forth a claim and gives the defendant

14  fair notice of its basis, the pleadings are sufficient." *Id*. at 48. The Federal Rules "accept the

15  principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id*. (citing

16  to *Maty v. Grasselli Chem., Co.*, 303 U.S. 197, 58 S. Ct. 507, 82 L. Ed. 745 (1938)). Here,

17  Shumlich is not required to prove her *prima facie* case at this phase of litigation.

18      In her Complaint, Shumlich met the notice pleading standard. Plaintiff's Complaint

19  alleges that she was not reinstated to her job while taking an approved pregnancy leave in

20  violation of RCW 49.60 et seq and RCW 50.40 et seq.  Complaint, First Cause of Action and

21  Second Cause of Action, pp. 2-3.  Pregnant people are entitled to leave pursuant to the WLAD

22  and then be returned to the same job or equivalent position.  RCW 49.60.180 Unfair Practices of

23  Employers; WAC 162-30-020. Reinstatement to the same or substantially equivalent position is

24  also required by the PFMLA pursuant to RCW 50A.35.010.  Because both the WLAD and PFMLA

25  provide a cause of action for failure to provide pregnancy leave, it was appropriate for Plaintiff to

26  incorporate by reference the same set of facts with regard to each cause of action.  Defendant does not

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP 12(b)(6)  - 4

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

identify any particular confusion with any of the allegations made by Plaintiff or the particular causes of action alleged.

**C.  Defendant both mischaracterizes the allegations in Plaintiff's complaint and improperly makes inferences in favor of Defendant.**

Defendant implicitly recognizes that Plaintiff did establish a *prima facie* case in her complaint and argues that she cannot rebut US Banks asserted reason for her termination in her complaint.  See Motion at 6:19-23.  However, to do so, Defendant misrepresents Plaintiff's allegations and makes inferences in favor of Defendant.  Defendant wrongfully asserts that "Plaintiff admits that her assigned Originator retired during her leave of absence" and that the position elimination was "due to restructuring in response to significant decline in mortgage activity.  Defendant's Motion at 6:19-23.  But Plaintiff's Complaint makes no such admissions: Rather, Plaintiff pled:

> 6.  *While she was on leave, Plaintiff was informed that her position was "eliminated" and she was laid off from work.*
>
> 7.  *U.S. Bank has alleged that Plaintiff's position was eliminated because the Mortgage Loan Originator she supported told U.S. Bank that he was going to enter "semi-retirement." U.S. Bank claims that this necessitated Plaintiff to be terminated.*
>
> 8.  *Upon information and belief, Plaintiff's position continued despite the MLO's plan to enter "semi-retirement".*
>
> 9.  *Other Mortgage Loan Assistants with lower production and less seniority were retained.*

Complaint, 2:7-15.

First, Plaintiff did not allege that the Mortgage Loan Originator retired; rather, she alleged that U.S. Bank has stated he was "going to enter 'semi-retirement'" which indicates he would continue working.  Second, Plaintiff does not admit the truth of what she anticipates to be U.S. Banks' defense.   Third, Plaintiff pleads facts that, if proven, would disprove U.S. Banks' asserted non-discriminatory reason for her discharge.

US Bank also argues that Plaintiff's Complaint admits she was terminated because of "U.S. Bank's restructuring efforts." Dkt 9, Motion, 7:3. Plaintiff's Complaint makes no such admission. To the contrary, she alleges that her role continued after she was laid off. Complaint ⁋ 9. The allegation that Plaintiff's role continued after she was laid off and other allegations in the Complaint were made to directly refute what Plaintiff's understood U.S. Bank's defense to be. Those allegations, taken together, essentially state that any non-discriminatory reason cited by U.S. Bank for Plaintiff's termination is false, because "Plaintiff's position continued." Complaint ⁋ 8. Plaintiff further alleged that she was treated less favorably than others who were not on pregnancy leave. Complaint ⁋ 9. Thus, Plaintiff's allegations not only create a *prima facie* case, but also allege facts that show that the (anticipated) non-discriminatory reason is not worthy of belief. Even if US Bank did undergo "restructuring efforts", the question remains why Plaintiff was selected to be terminated when less experienced, less productive employees were not laid off.

Plaintiff's Complaint simply goes further than what is required under FRCP 8 because it anticipates U.S. Bank's defense and alleges facts that show that U.S. Banks's asserted reasons are not legitimate or credible. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly* 550 U.S. 544, 556).

At this stage of the proceeding, Plaintiff is not required to plead all the facts that she may obtain in discovery to defeat a motion for summary judgment. But it is important to note that in this case, what Plaintiff has pled, if proven, would be sufficient to defeat a motion for summary

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

judgment.   Because Plaintiff alleges that her role continued even after she was laid off,

Plaintiff's Complaint alleges facts that would allow the factfinder to infer the ultimate fact of

discrimination from the falsity of the employer's explanation.  *Reeves v. Sanderson Plumbing*

*Products, Inc*. 530 U.S. 133, 147 (2000).   Plaintiff has also pled facts which show that similarly

situated coworkers were treated more favorably.  To establish similarity under the *McDonnell*

*Douglas* framework, the individuals being compared "need not be identical; they must only be

similar `in all material respects.'" *Hawn v. Exec. Jet Mgmt., Inc.,* 615 F.3d 1151, 1157 (9th Cir.

2010); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) (superior qualifications of the

plaintiff for a position may suffice, to show pretext, and if no reasonable employer could have

concluded that qualifications were not superior, "this evidence alone could support a finding of

discrimination").

**D.    Shumlich's Complaint is not a "shotgun pleading." If it were, the remedy
        would be amendment, not a Dismissal With Prejudice.**

Defendant mischaracterizes Shumlich's Complaint by describing it as a "Shotgun

Pleading." S*ee* Dkt. 9 at pp. 4, ln 16.  A "shotgun pleading" is one where complaints are drafted

to "confuse the enemy" or mask theories of relief not provided by law that could prejudice a

defendant's case.  *Barmapov v. Amuial*, 986 F. 3d 1321, 1327 (11th Cir. 2021), Tjoflat,

concurring.   But nowhere does Defendant identify any part of Plaintiff's Complaint that it finds

confusing or overbroad or identify any allegations that it believes are extraneous but prejudicial

to its defense.  Almost by definition, a three-page complaint with eleven factual allegations

confined to a single page and referencing two factually interrelated claims is anything but a

"shotgun pleading." Plaintiff sets forth the facts that support her claims in a simple chronological

order that is easy to follow, and then pleads the two statutes that she contends U.S. Bank

violated. Complaint ¶1-15. This meets the "short and plain statement" requirement of Rule

8(a)(2), and although the Complaint does not state each claim in a separate count, that is not

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1   necessary for clarity.

2       Defendant also defines a shotgun pleading as a complaint which incorporates by

3   reference every preceding paragraph regardless of relevancy and does not specify which claim is

4   brought against which defendant. Motion, 3:9-12. Here there is one defendant, so the concern

5   about which claim goes to which defendant is moot. Both of Plaintiff's causes of action have the

6   same basic violation of Plaintiff's rights at their heart: that Plaintiff took pregnancy leave and US

7   Bank terminated her rather than return her to her position or an equivalent one. Because of that

8   shared framework, the incorporation of all preceding paragraphs is appropriate.

9       Another case cited by Defendants defined shotgun pleadings as "pleadings that

10  overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for

11  defendants to make informed responses to the plaintiff's allegations." Motion 3:14-17 citing

12  *Sollberger v. Wachovia Securities, LLC*, No. SACV 09–0766 AG (Anx), 2010 WL 2674456, at

13  *4 (C.D. Cal. June 30,2010) (unpublished). *Sollberger* involved multiple defendants, nine

14  claims, and a 135 page complaint which did not state which cause of action was being alleged

15  against which particular defendant. *Id.* at *2-3. How anyone could mistake 11 paragraphs

16  totaling 256 words as "an unclear mass of allegations" which make responding to Plaintiff's

17  Complaint "difficult or impossible" is a question without a convincing answer in Defendant's

18  Motion.

19      Just as in *Sollberger,* another case Defendant cited as an example of a shotgun pleading

20  involved numerous defendants in a complaint that was 49 pages long with 109 pages of exhibits

21  and six different causes of action. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir.

22  2018). Vibe Micro amended its complaint as of right once and the complaint grew to 56 pages

23  with 168 pages of exhibits. *Id.* at 1294. The *Vibe Micro* court ordered Plaintiff to refile and

24  provided a list of deficiencies that needed to be cured and the complaint grew to 70 pages with

25  160 pages of exhibits. *Id.* Only after all those steps did the district court hold that the complaint

26  failed to give even minimal notice of Plaintiff's claims and dismissed with prejudice. *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP 12(b)(6)  - 8

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1    Defendant's supposed confusion apparently stems from the fact that "Plaintiff merely

2    "realleges and incorporates" her conclusory allegations in 'Paragraphs 1 through 11' – which not

3    only include her "factual background"… but her  parties and jurisdiction and venue sections of

4    her Complaint – and summarily claims that "the above-described actions interfered with her

5    rights," without providing any specific facts or explanation of how Defendant's actions

6    interfered with her rights under WLAD. Complaint ¶¶ 1-11; 12-13." Motion 5:15-6:4. First,

7    Defendant seems to argue that whether a court has jurisdiction and the venue is appropriate is

8    immaterial to a claim, but those are both requirements under Washington and Federal pleading

9    standards. Second, any confusion is easily remedied by reading the Complaint and then looking

10    at the statute Plaintiff cited in her first cause of action: RCW 49.60 et seq. Complaint ¶13.  At its

11    heart, Defendant's objection appears to elevate form over substance.

12    Defendant points out that, "[t]he Eleventh Circuit has categorically barred these [shotgun]

13    complaints and has instructed district courts to strike them *sua sponte* and then dismiss them

14    with prejudice **if a plaintiff fails to cure the deficiencies after being given an opportunity to**

15    **amend**." *See E.K. v. Nooksack Valley Sch. Dist.*, No. C20-1594-JCC, 2021 WL 1531004, at *2

16    (W.D. Wash. Apr. 19, 2021) (emphasis added). However, the Ninth Circuit has not adopted the

17    Eleventh Circuit's harsh standard and instead held that dismissal without leave to amend is

18    improper unless the court is satisfied that the deficiencies of the complaint could not possibly be

19    cured by amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061

20    (9th Cir. 2004).  Here, if Shumlich had in fact filed a "shotgun pleading," the remedy would be

21    amendment, not dismissal with prejudice. However, for the reasons discussed herein, Shumlich's

22    Complaint is not a "shotgun pleading," but instead complies with Rules 8 and 10.

23    **E.    Plaintiff's claim under RCW 50A.40 is not time barred.**

24    Defendant erroneously argues that Plaintiff's Washington PFMLA claim is time-barred.

25

26

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

In making that argument, Defendant cites RCW 49.78.230 and RCW 49.78.330[1]. Dkt 9, 7:18-20. But RCW 49.78 has been statutorily repealed and replaced with RCW 50A. et seq. effective December 31, 2019. Plaintiff's Complaint instead cited RCW 50A.40. *et. seq.* as the legal authority for her second cause of action. Complaint ¶15. The statute of limitations for the PFMLA is three years from the date of the alleged violation. RCW 50A.40.040(2).

There is no provision in RCW 50A. et seq. which requires a plaintiff to allege a willful violation in order for the limitations period to extend to three years. The events which gave rise to this suit occurred in June and July of 2022 and Plaintiff filed her Complaint in September 2024, which is less than three years from the date of the alleged violation.

### III.   CONCLUSION

Plaintiff's Complaint should not be dismissed pursuant to FRCP 12(b)(6) because her Complaint provides notice of her claim that she was terminated while on an approved medical leave in violation of Washington's Law Against Discrimination and Washington's Paid Family Medical Leave Act. If the Court were to find deficiencies in the Complaint, at minimum, Plaintiff should be afforded the opportunity to amend her Complaint, and ideally this Court would provide feedback about the nature of any deficiencies. Defendant's Motion to dismiss with prejudice pursuant to RCW 49.78 should be rejected as Plaintiff did not plead RCW 49.78 and Plaintiff filed within the applicable three-year statute of limitations pursuant to RCW 50A.40.040. This case should proceed to discovery.

DATED: this 12th day of November, 2024.

I certify that this memorandum contains 3,257 words, in compliance with the Local Civil Rules

---

[1] Defendant appears to argue the statute of limitations applicable to the federal Family and Medical Leave Act, which Plaintiff has not pled. The undersigned has not found any clause in the previous statutory scheme that would have incorporated an FLSA-like statute of limitations scheme requiring a "willful" violation to be found in order to extend the statute of limitations from two years to three years. 29 U.S.C. §2617

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP 12(b)(6)  - 10

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

BEAN LAW GROUP

*s/Matthew J. Bean*
Matthew J. Bean, WSBA #23221
2200 6th Ave, Suite 500
Seattle, WA 98121
T: 206.522.0618
F: 206.524.3751

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS PURSUANT TO FRCP 12(b)(6) - 11

BEAN LAW GROUP
2200 Sixth Ave, Suite 500
Seattle, WA 98121
(206) 522-0618

1

## CERTIFICATE OF SERVICE

2

I am a resident of the State of Washington, over the age of eighteen, and not a party to this

3

action. I electronically filed the foregoing document titled **PLAINTIFF'S OPPOSITION TO**

4

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** with the Clerk of

5

the Court using the CM/ECG system which will send notification of such filing to the following:

6

7

Defendant's Counsel

8

9    Alyesha Asghar Dotson, WSBA #55122
Aasghar@littler.com

10   Natasha Mishra, WSBA #62306
NMishra@littler.com

11

LITTLER MENDELSON, P.C.

12   One Union Square
600 University Street, Suite 3200

13   Seattle, WA 98101.3122
Telephone: 206.623.3300

14   Facsimile: 206.447.6965

15

       I declare under penalty of perjury under the laws of the state of Washington that the

16

foregoing is true and correct to the best of my belief. Signed this day in Seattle, Washington.

17

DATED this 12th day of November, 2024.

18

19

20

21                                *s/ Jason W. Preston* _____
                             Jason W. Preston, WSBA # 61451

22

23

24

25

26