UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAY SHUMLICH,<br><br>              Plaintiff,<br><br>     v.<br><br>U.S. BANK, N.A.,<br><br>              Defendant. | CASE NO. 2:24-cv-01681-MJP<br><br>ORDER DENYING MOTION TO DISMISS |

**INTRODUCTION**

This matter comes before the Court on Defendant U.S. Bank, N.A.'s Motion to Dismiss. (Dkt. No. 9). Having reviewed the Motion, Plaintiff Zay Shumlich's Response (Dkt. No. 12), the Reply (Dkt. No. 14), and all supporting materials, the Court DENIES the Motion.

**BACKGROUND**

Plaintiff began working for Defendant on May 8, 2018. (See Complaint ¶ 4 (Dkt. No. 1-2).) In her role as a Mortgage Loan Assistant, Plaintiff was assigned to support a Mortgage Loan Originator ("MLO"). (Id.) At some point during her employment, Plaintiff applied for and

1  received maternity leave. (Id. ¶ 5.) During her leave, Plaintiff was told that "her position was
2  'eliminated' and she was laid off from work." (Id. ¶ 6.) Plaintiff alleges that Defendant's
3  rationale for the elimination of her position was "because the [MLO] she supported told U.S.
4  Bank that he was going to enter 'semi-retirement'." (Id. ¶ 7.) Plaintiff alleges that despite
5  Defendant's proffered rationale, her "position continued despite the MLO's plan to enter 'semi-
6  retirement'," and that other assistants "with lower production and seniority" were retained. (Id.
7  ¶¶ 8–9.)

8        Plaintiff filed this lawsuit in King County Superior Court, claiming that Defendant's
9  actions "interfered with her rights" under both under the Washington Law Against
10 Discrimination ("WLAD"), RCW 49.60 et seq., and the Washington Paid Family Medical Leave
11 Act ("WPFMLA"), RCW 50A.40 et. seq. (Compl. ¶¶ 12–15.) Defendant timely removed the
12 case under diversity jurisdiction, (Dkt. No. 1,) and moved for dismissal, (Dkt. No. 9.) While this
13 Motion was pending review, Defendant also moved to stay the case pending the Court's
14 decision. (Dkt. No. 15.)

15                               **ANALYSIS**

16 **A.  Legal Standard**

17       Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a
18 claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must
19 construe the complaint in the light most favorable to the non-moving party and accept all well
20 pleaded allegations of material fact as true. Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,
21 416 F.3d 940, 946 (9th Cir. 2005); Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658,
22 661 (9th Cir. 1998). Dismissal is appropriate only where a complaint fails to allege "enough facts
23 to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,
24

1  570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows
2  the court to draw the reasonable inference that the defendant is liable for the misconduct
3  alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must provide "more than
4  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
5  do." Twombly, 550 U.S. at 555.

6  **B.     Shotgun Pleading**

7  Defendant first argues that Plaintiff's complaint is an impermissible shotgun pleading
8  which violates Federal Rules of Civil Procedure 8(a)(2) and 10(b). (Mot. at 4–6.) Specifically,
9  the Complaint reincorporates and realleges the factual allegations into each cause of action,
10 which Defendant claims is insufficient to "clearly connect the facts to the specific causes of
11 action." (Id. at 5.) The Court disagrees.
12 Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and
13 plain statement of the claim showing that the pleader is entitled to relief." "Pleadings that seek to
14 overwhelm defendants with an unclear mass of allegations and make it difficult to impossible for
15 the defendants to make informed responses to the plaintiff's allegations are considered 'shotgun'
16 pleadings." A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 943 (D. Or. 2020);
17 see also E.K. v. Nooksack Valley Sch. Dist., No. C20-1594-JCC, 2021 WL 1531004, at *2
18 (W.D. Wash. Apr. 19, 2021) (discussing the history of "shotgun pleading" arguments in federal
19 courts.) Court have also found impermissible shotgun pleadings present in complaints alleging
20 "everyone did everything" because such allegations prevent defendants from understanding the
21 nature of the claims asserted against each of them. See Destfino v. Reiswig, 630 F.3d 952, 958
22 (9th Cir. 2011). And, as Defendant alleges here, a complaint may be considered an impermissible
23 shotgun pleading if it "recites a collection of general factual allegations at the outset but fails to
24

connect those facts to the elements comprising plaintiff's causes of action, instead simply incorporating every antecedent allegation by reference." Watt v. HAL Antillen N.V., No. 2:24-CV-00155-RSL, 2024 WL 4436966, at *2 (W.D. Wash. Oct. 7, 2024). In this latter instance, the court may grant a motion to dismiss "[i]f such incorporation denies defendants adequate notice of the allegations supporting each cause of action." Id. (citing Lackey v. Ray Klein, Inc., No. C19-590-RSM, 2019 WL 3716454, at *5 (W.D. Wash. Aug. 7, 2019); Hoffman v. Transworld Sys. Incorporated, No. C18-1132-JCC, 2018 WL 5734641 at *4 (W.D. Wash. Nov. 2, 2018); Sollberger v. Wachovia Sec., LLC, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010)).

Contrary to Defendant's claims, the complaint is not a "textbook example of a shotgun pleading," because there is no danger that Defendant lacks adequate notice of the allegations it faces. (Mot. at 5.) The three page complaint is short enough that Defendant should be able to understand how the facts connect to Plaintiff's discrimination claims. In the eight paragraph factual background section, Plaintiff alleges the following: (1) she was approved for maternity leave; (2) she was terminated while on leave after being told that her position would be eliminated due to the MLO's "semi-retirement;" and (3) her position was not eliminated, nor were the positions of other employees "with lower production and less seniority" than her. (Compl. ¶¶ 4–11.) While the Complaint does not specifically connect these facts to the elements of each claim, it hardly hides the ball through incorporation. See, e.g., Watt, 2024 WL 4436966, at *2 (when assessing a shotgun pleading allegation, noting that "[t]he presentation of three pages worth of facts is not overwhelming, nor does their incorporation into the two causes of action hide the nature of or basis for the claims asserted."). Given the brevity of the Complaint, the Court does not see how Defendant can realistically claim it lacks adequate notice of the
ORDER DENYING MOTION TO DISMISS - 4

1 | allegations due to Plaintiff's "failure to connect the facts to the specific causes of action." (Mot.
2 | at 5). Satisfied that the complaint does not employ impermissible shotgun pleading, the Court
3 | DENIES the Motion.

4 | **C.     Timeliness**

5 | Defendant next argues that Plaintiff's WPFMLA claim should be dismissed as untimely.
6 | The Court disagrees. Defendant's entire timeliness argument is based on a repealed and
7 | decodified statute, the Washington Family Leave Act, RCW 49.78. Under that now-obsolete
8 | statute, a plaintiff had two years to file their claim; if the violation was willful, the statute of
9 | limitations extended to three years. However, that statute was replaced by the WPFMLA, RCW
10 | 50A.40, on December 31, 2019. See S.B. 5975, 65th Leg., 3rd Spec. Sess. (Wash. 2017). Unlike
11 | its predecessor, the WPFMLA has a three-year statute of limitations regardless of whether the
12 | violation was willful or not. See RCW 50A.40.040(2) ("Any private action for an alleged
13 | violation of RCW 50A.40.010 must be commenced within three years of the date of the alleged
14 | violation") (emphasis added). Defendant concedes that the complaint was filed within three years
15 | of Plaintiff's termination. (See Mot. at 8 ("Plaintiff was informed on June 7, 2022, that her role
16 | would be eliminated, effective July 22, 2022").) Therefore, the Court finds that Plaintiff's
17 | WPFMLA claim is timely and so DENIES the Motion.

18 | **D.     Mislabeling**

19 | Defendant argues that Plaintiffs mislabeling of her second cause of action as arising
20 | under the "Washington Family Leave Act" requires dismissal of the claim with prejudice. (Mot.
21 | at 5–6.) The Court declines to adopt such an unreasonable solution to Plaintiff's clerical error.
22 | While the complaint indeed misidentifies the title of the act upon which the second cause of
23 | action rests, it correctly cites to RCW 50A.40. (See, e.g., Compl. ¶ 15.) The Court finds that the
24 |

ORDER DENYING MOTION TO DISMISS - 5

1 | Complaint's inclusion of the correct statutory citation is sufficient to ensure that Defendant is not
2 | "left to guess at the precise nature of Plaintiff's [second] claim." (Reply at 6.) The omission of
3 | two words from the title of the statute, without more, is hardly the type of error that warrants
4 | dismissal with prejudice, particularly when a cursory review of the two referenced statutes
5 | should clear up any lingering confusion. Despite being clerical in nature, however, the
6 | misidentification of the statute is still an error. Therefore, the Court GRANTS Plaintiff leave to
7 | amend the complaint to correctly identify the second cause of action as arising out of the
8 | WPFMLA. See Fed. R. Civ. P. 15(a)(2) (allowing the Court to "freely give leave [to amend a
9 | pleading] when justice so requires."). Plaintiff is ORDERED to file their amended complaint
10 | within 14 days of this Order.

11 | **E.     Defendant's Motion to Stay**

12 | Having so denied Defendant's Motion to Dismiss, Defendant's Motion to Stay Deadlines
13 | Pending Decision Regarding Defendant's Motion to Dismiss, (Dkt. No. 15), is DENIED as
14 | MOOT.

15 | **CONCLUSION**

16 | Defendant cannot show that Plaintiff's incorporation of eight paragraphs of allegations
17 | from her three-page complaint would somehow divest Defendant of adequate notice of the
18 | allegations brought against it. And Plaintiff's second cause of action, although mislabeled, is not
19 | time-bound. Therefore, the Court DENIES Defendant's Motion to Dismiss. Defendant's Motion
20 | to Stay is DENIED as MOOT. Plaintiff is ORDERED to, within 14 days of this order, amend her
21 | complaint to correct the clerical errors discussed above.
22 | The clerk is ordered to provide copies of this order to all counsel.
23 |
24 |

Dated January 2, 2025.

Marsha J. Pechman
United States Senior District Judge